ESCANDON, FERNICOLA, ANDERSON,
COVELLI & McPHERSON, LLC
301 Main Street
Allenhurst, NJ 07711
T: (732) 663-1920
F: (732) 663-0011
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISCTRICT OF NEW JERSEY

| | |
|---|---|
| DEVON REED,<br><br>    Plaintiff,<br><br>vs.<br><br>JERSEY CITY, JERSEY CITY POLICE DEPARTMENT, OFFICER LAUREN BRAZICKI, OFFICER CHRIS OTUNDO, OFFICER, SERGEANT JOSEPH YOUNG JOHN DOE POLICE OFFICERS 1-10, JANE DOE POLICE OFFICERS 1-10, JOHN DOE CHIEF and SUPERVISORS 1-10, (such names being fictitious), ABC POLICE DEPARTMENTS 1-10, ABC COMPANIES 1-10, (such entities being fictitious)<br><br>    Defendants. | DOCKET NO.<br><br>**COMPLAINT AND JURY DEMAND** |

## **PARTIES**

1. Plaintiff, Devon Reed is an African-American male and was born on December 11, 1991 and is a resident of the State of New Jersey residing at 112 Bergen Ave, Jersey City, New Jersey.

2. Upon information and belief, at all times herein, Defendant, Officers Lauren Brazicki, Chris Otundo, and Sergeant Joseph Young, were acting under color of law and was authorized to

1

provide public safety and is required to enforce the elements of ordinary prudence and due care in his official duties and was acting as an officer, employee and/or agent of the Jersey City Police Department and Jersey City.  They are sued in their individual and official capacity.

3. Defendant, Jersey City Police Department is a public entity who is authorized to provide public safety and is required to enforce the elements of ordinary prudence and due care in its official duties.

4. Defendant, Jersey City is a municipal corporation duly incorporated and authorized under the laws of the State of New Jersey to maintain a police department, the Jersey City Police Department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The City assumes risks incidental to the maintenance of its police force and the employment of its police officers.

5. Defendant John Doe Police Officers 1-10 and Jane Doe Police Officers 1-10 are officers who at all times herein were acting under color of law and are authorized to provide public safety and are required to enforce the elements of ordinary prudence and due care in their official duties.

6. Defendant John Doe Chief and Supervisors 1-10 are supervisors who at all times herein were acting under color of law and are authorized to provide public safety and are required to enforce the elements of ordinary prudence and due care in their official duties.

7. Defendant ABC Police Departments 1-10, ABC Companies 1-10 are defendants' employer and are authorized to provide the elements of ordinary prudence and due care.

### FACTS COMMON TO ALL COUNTS

8. Plaintiff, Devon Reed, was operating his automobile westbound on Armstrong Avenue toward MLK Drive in Jersey City, New Jersey.

9. Without reasonable or just cause or suspicion, Mr. Reed was stopped by police on Armstrong Avenue. Mr. Reed stopped his vehicle in response to the Officers' actions and exited his vehicle.

10. Without due provocation or cause Officer Otundo forcibly grabbed Mr. Reed and physically brought him to the ground. Officer Otundo then proceeded to punch Mr. Reed with a closed fist.

11. Thereafter, Mr. Reed was detained and taken into the custody of the Jersey City Police Department.

12. Mr. Reed was Transported to Jersey City Medical Center for evaluation and treatment for injuries sustained as a result of the actions of the police officers.

13. The Defendants, Officers Otundo, Brazicki, and Sergeant Young targeted and assaulted Mr. Reed in part based on racial animus and racial profiling.

14. Mr. Reed was unarmed.

15. Mr. Reed presented no threat, imposed no danger to the Officers or the public.

16. Mr. Reed did not engage in any action that justified the excessive use of force by defendant.

17. Mr. Reed was traumatized and feared for his life.

18. Officer Chris Otundo admits in the arrest report to punching the Plaintiff with a closed fist as he was placing Plaintiff under arrest.

19. Defendants caused Plaintiff physical injuries, including, *inter alia,* a fractured hand, which required medical care and treatment, and which may be permanent and will in the future cause him to refrain in his abilities to engage in daily actives and normal pursuits.

20. Defendants actions caused Plaintiff severe emotional and psychological distress.

21. The unlawful assault and arrest by Defendant Officer Chris Otundo, Lauren Brazicki, and Sergeant Young, acting on behalf of the Jersey City Police Department caused Mr. Reed to suffer psychological and emotional distress, mental anguish, degradation and public humiliation.

22. Plaintiff Mr. Reed was deprived of his liberty.

23. Plaintiff filed a timely Notice of Claim and in response to this Notice of Claim Defendants denied any and all reasonability.

## COUNT ONE
### (Use of Excessive Force)

23. Plaintiff, Mr. Reed, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

24. Defendants, Officer Christ Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, and John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious)   negligent, careless, reckless and intentional acts of assaulting Mr. Reed and the use of unreasonable and excessive force against him without justification or provocation, showed deliberate indifference for the life and safety of plaintiff, Mr. Reed.

25. Defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers

1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) negligent, careless, reckless and intentional act of conspiring to use excessive force and/or their failure to intervene and prevent the unlawful arrest and/or detention and use of excessive force, showed deliberate indifference for the life and safety of plaintiff, Devon Reed.

26. Defendant Jersey City Police Department and Jersey City, as employer of Defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious), is responsible for their wrongdoing under the doctrine of respondent superior, and the New Jersey Tort Claims Act, N.J.S.A. § 59-2-2, *et seq.*

27. By their conduct, Defendants Officer Christ Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) under color of law, deprived Plaintiff, Devon Reed of his right to be free from excessive and unreasonable force under the Fourth and Fourteenth Amendment of the United States of the Constitution.

28. As a direct and proximate result of the defendant's misconduct and abuse of authority detailed above, plaintiff, Devon Reed sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff, Devon Reed demands judgement against the defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC

Companies 1-10, (such entities being fictitious) jointly, severally, and alternatively, for compensatory damages, punitive damages, counsel fees, interest, and costs of suit.

## COUNT TWO
### (Common Law Discrimination)

29. Plaintiff, Decon Reed, repeats and re-alleges the foregoing paragraphs of the complaint as same were fully set at forth at length herein.

30. In assaulting and injuring plaintiff, Defendants, Officer Christ Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) under the color of law acted in their individual and official capacity as Jersey City Police Department officers and within the scope of their employment, committed an unlawful an unwarranted arrest, assault and battery on the plaintiff, Devon Reed.

31. Defendant Jersey City Police Department and Jersey City, ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) as employer of Defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, and John Doe Chief and Supervisors 1-10, (such names being fictitious), is responsible for their wrongdoing under the doctrine of respondent superior, and the New Jersey Tort Claims Act, N.J.S.A. § 59-2-2, *et seq.*

32. As a direct and proximate result of Defendants Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being

fictitious), which resulted in the misconduct and abuse of authority detailed above, plaintiff, Devon Reed sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff, Devon Reed demands judgement against the defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) jointly, severally, and alternatively, for compensatory damages, punitive damages, counsel fees, interest, and costs of suit.

## COUNT THREE
### (New Jersey Law Against Discrimination Act (NJLAD))
### N.J.S.A. 10:5-2, et seq.

33. Plaintiff, Devon Reed, repeats and re-allege the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

34. Defendants Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious), discriminated against plaintiff on basis of his race by, among other things, engaging in unlawful racial profiling.

35. Through this conduct, defendants violated the New Jersey Law Against Discrimination Act, N.J.S.A. 10:5-2, et seq.

36. Defendants, Jersey City Police Department and Jersey City, as Employer of Defendant, Officer Chris Otundo, Officer Lauren Brazicki, and Sergeant Joseph Young, are responsible for

their wrongdoing under the doctrine of <u>respondent superior</u>, LAD, and the New Jersey Tort Claims Act N.J.S.A. 59-2-2, et seq.

37. As a direct and proximate result of the Defendants Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious), misconduct and abuse of authority detailed above, Plaintiff, Devon Reed sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff, Devon Reed demands judgement against the defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) jointly, severally, and alternatively, for compensatory damages, punitive damages, counsel fees, interest, and costs of suit.

### COUNT FOUR
**(Negligent Hiring)**

38. Plaintiff, Devon Reed, repeats' and re-allege the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

39. Defendants, Jersey City Police Department, Jersey City, ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) were responsible for recruiting, hiring, training and ongoing supervision of the officers of Defendant Jersey City Police Department.

40. Upon information and belief, Defendant Jersey City Police Department, Jersey City, ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) failed to properly determine the fitness of Defendant Officer Chris Otundo, Officer Lauren Brazicki, and

Sergeant Joseph Young to be hired as a police officers of Defendant, Jersey City Police Department to ensure they would not violate Plaintiff, Devon Reed's Civil Rights.

41. As a direct and proximate result of the Defendants Jersey City Police Department, Jersey City, ABC Police Departments 1-10 and ABC Companies 1-10 (such entities being fictitious) negligent hiring of the defendants Officer Chris Otundo, Officer Lauren Brazicki, and Sergeant Joseph Young, the misconduct and abuse of authority detailed above caused plaintiff Devon Reed to sustain the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff, Devon Reed demands judgement against the defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) jointly, severally, and alternatively, for compensatory damages, punitive damages, counsel fees, interest, and costs of suit.

## COUNT FIVE
**(Negligent Training)**

42. Plaintiff, Devon Reed, repeats and re-allege the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

43. Defendants, Jersey City, the Jersey City Police Department, ABC Police Departments 1-10 and ABC Companies 1-10 (such entities being fictitious) were responsible for recruiting, hiring, training and ongoing supervision of the officers of defendant Jersey City Police Department.

44. Defendants, Jersey City, the Jersey City Police Department, ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) had a duty to properly train the

officers of Defendant, Jersey City Police Department to ensure they did not violate the Constitutional Rights of citizens.

45. Upon information and belief, Defendant, Jersey City Police Department, Jersey City, ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) failed to properly train defendant, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young to ensure they did not violate the Constitutional Rights of citizens.

46. As a direct and proximate result of the Defendant, Jersey City Police Department, Jersey City, ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) negligent training of the defendant Officer Chris Otundo, Officer Lauren Brazicki, and Sergeant Joseph Young, The misconduct and abuse of authority detailed above caused plaintiff, Devon Reed to sustain the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff, Devon Reed demands judgement against the defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) jointly, severally, and alternatively, for compensatory damages, punitive damages, counsel fees, interest, and costs of suit.

### COUNT SIX
**(Violation of The New Jersey Civil Rights Act)**
**N.J.S.A. 10:6-1, et seq.**

47. Plaintiff, Devon Reed, repeats and re-allege the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

48. Defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) under the color statute, ordinance, reputation, custom and usage have deprived and caused Plaintiff Devon Reed to be subjected to the deprivation of rights, and privileges and immunities secured by the New Jersey Constitution and Law of the State of New Jersey, including their right to liberty, their right to be secure as a person against unreasonable searches and seizures, their right to be secure on their property against unreasonable searches and seizures, their right to be free from unlawful detention and imprisonment and their right to freedom of association secured to them by The New Jersey State Constitution.

49. At no time did Defendant, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) have probable cause or any ground to believe Plaintiff Devon Reed posed a threat requiring the force implemented.

50. Defendant, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young acting under color of law, intentionally deprived Plaintiff, Devon Reed of his Rights by, inter alia, using excessive force against them, failing to intervene to prevent the unlawful acts against them and failing to properly hire, train, retain and supervise police officers.

51. Defendants, Jersey City and Jersey City Police Department are vicariously liable for the actions of its employee, Officer Chris Otundo, Officer Lauren Brazicki, and Sergeant Joseph Young who were acting in their official duties.

52. Defendants, Officer Chris Otundo, Officer Lauren Brazicki, and Sergeant Joseph Young's acts were done in knowing violation of Devon Reed's legal and constitutional rights and have caused injuries, including physical injury, humiliation, mental pain and suffering and emotional distress.

53. Defendants deprivation of Devon Reed's Civil Rights violates the New Jersey Constitution and gives rise to their claims for redress under N.J.S.A. 10:6-1, *et seq.*

54. Based on the aforesaid conduct, defendants, acting under color of law, deprived and interfered with by the use of excessive force, intimidation or coercion, the exercise or enjoyment by plaintiff, Devon Reed of the rights guaranteed to them by the New Jersey Constitution including, but not limited to:

    a.) The right to enjoy and defend Life and Liberty;

    b.) The right to pursue and obtain safety and happiness;

    c.) The right to pursue Due Process of Law;

    d.) The right to Equal Protection of the laws;

    e.) The right to be secure from unreasonable searches and seizures;

    f.) The right to any other natural and unalienable right retained by the people;

    g.) The right to privacy; and

    h.) The right to be free of cruel and unjust punishment.

55. As a direct and proximate result of the defendants' misconduct and abuse of authority detailed above, plaintiff, Devon Reed sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff, Devon Reed demands judgement against the defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) jointly, severally, and alternatively, for compensatory damages, punitive damages, counsel fees, interest, and costs of suit.

## COUNT SEVEN

### (Negligent and Intentional Infliction of Emotional Distress)

56. Plaintiff, Devon Reed, repeats and re-allege the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

57. Defendant, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) acted intentionally or recklessly with deliberate disregard of a high degree of probability that emotional distress will follow. Defendants' conduct was so extreme and so outrageous in character and degree as to go beyond all possible bound of decency. Defendant's conduct was so atrocious, it is utterly intolerable in a civilized community.

58. As a direct and proximate result of the defendants' actions, plaintiff Devon Reed has suffered and continues to suffer severe and substantial emotional distress and mental harm which no reasonable person could be expected to endure.

**WHEREFORE**, Plaintiff, Devon Reed demands judgement against the defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department

and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) jointly, severally, and alternatively, for compensatory damages, punitive damages, counsel fees, interest, and costs of suit.

## COUNT EIGHT
(**42 U.S.C. 1981, 1983 Racial Discrimination**)

59. Plaintiff, Devon Reed, repeat and re-allege the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

60. Defendants Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) acted recklessly and/or intentionally by falsely arresting, detaining and/or imprisoning plaintiff Devon Reed.

61. By reason of the foregoing, defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) violated 42 U.S.C § 1981, § 1983, and the Fourteenth Amendment of The United States Constitution by depriving plaintiffs of their Constitutional Rights with racial animus.

62. Because of plaintiffs' race, defendants Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) under color of law, improperly racially profiled, targeted, approached, assaulted and

falsely arrested and detained plaintiffs, violating their Constitutional Rights in the manner previously alleged.

63. Defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, conduct was knowingly undertaken with the intent to deny plaintiffs their right to full and equal protection of the law.

64. As a direct and proximate result of defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious), which resulted in the misconduct and abuse of authority detailed above, plaintiffs, Devon Reed sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff, Devon Reed demands judgement against the defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) jointly, severally, and alternatively, for compensatory damages, punitive damages, counsel fees, interest, and costs of suit.

### COUNT NINE
### (Punitive Damages)

65. Plaintiff, Devon Reed, repeats and realleges the allegations as though the same were fully set forth herein at length.

66. As a result of all Defendants' actions, wanton and willful disregard to plaintiff, Devon Reed resulting in physical and emotional injuries. Defendants actions further caused plaintiff severe and emotional distress.

67. Pursuant to N.J.S.A. 2A:15-5.12, plaintiff seeks punitive damages against the defendant because the harm suffered by plaintiff was a result of defendant's acts or omissions and such acts or omissions, as noted aforesaid, were actuated by the actual malice or accompanied by the wanton and willful disregard of persons who foreseeably might be harmed by those acts and omissions.

68. As a direct and proximate result of the defendants' actions, the plaintiff has suffered and continues to suffer from severe mental anguish, emotional distress, and related physical and bodily injury.

**WHEREFORE**, Plaintiff, Devon Reed demands judgement against the defendants, Officer Chris Otundo, Officer Lauren Brazicki, Sergeant Joseph Young, Jersey City Police Department and Jersey City, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) jointly, severally, and alternatively, for compensatory damages, punitive damages, counsel fees, interest, and costs of suit.

.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Enter judgment against the Defendants and in favor of the Plaintiffs in an amount to be determined;

B.      Award compensatory damages to make Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

C.      Award compensatory damages to Plaintiff for past and present pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiffs have suffered and continue to suffer as a result of Defendants' improper conduct;

D.      Award Plaintiff pre-judgment and post-judgment interest;

E.      Award Plaintiff reasonable attorneys' fees, paralegal fees, expert witness fees and all costs, expenses and disbursements associated with pursuing this action;

F.      Award punitive damages to the Plaintiff under the

G.      Grant such other and further relief to Plaintiff as this Court may deem just, proper, or equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues as permitted by law.

Dated: March 2, 2021                                       *Robert M. Anderson*

                                                                          _____

                                                                          /s/ROBERT M. ANDERSON

                                                                          Escandon, Fernicola, Anderson,
                                                                          Covelli & McPherson
                                                                          Attorney for Plaintiff
                                                                          301 Main Street, Suite 3
                                                                          Allenhurst, New Jersey 07711