**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEVON REED,<br><br>　　　　　Plaintiff,<br>v.<br>JERSEY CITY et al.,<br>　　　　　Defendants. | Civil Action No.: 21-3921<br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on defendants Officer Lauren Brazicki ("Brazicki"), Officer Chris Otundo[1] ("Otundo"), Sargent Joseph Young ("Young") (collectively, the "individual Defendants"), Jersey City Police Department ("JCPD"), and Jersey City's (collectively, the "municipal Defendants") motion to dismiss (ECF No. 8) plaintiff Devon Reed's ("Plaintiff") Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition (ECF No. 10), and Defendant replied (ECF No. 12). The Court decides this matter

---

[1] The Court notes that Otundo did not join the other Defendants' motion to dismiss (ECF No. 8) or move independently to answer or dismiss Plaintiff's Complaint. However, Otundo has joined the Defendants' Reply (ECF No. 12) to Plaintiff's Opposition (ECF No. 10). Given the allegations against Otundo stem from the same incident that gave rise to the allegations made against the rest of the Defendants, the Court will sua sponte consider whether Plaintiff has adequately pleaded his claims against Otundo. *See Roman v. Jeffes*, 904 F.2d 192, 196 (3d Cir. 1990), *superseded on other grounds by statute* (stating that "there are times when a court may sua sponte raise the issue of the deficiency of a pleading under 12(b)(6) provided that the litigant has had the opportunity to address the issue either orally or in writing"); *Seawright v. Greenberg*, No. 05-cv-2751, 2005 WL 2877712, at *4 (E.D. Pa. Nov. 2, 2005), *aff'd*, 233 F. App'x 145 (3d Cir. 2007) (dismissing sua sponte complaint against "[a]ll [d]efendants who have failed to respond [to the complaint]" because the same legal theory applied to them as raised in other defendants' motion to dismiss); *Corporate Aviation Concepts, Inc. v. Multi-Service Aviation Corp.*, No. 03-cv-3020, 2004 WL 1900001, at *1 n.1 (E.D. Pa. Aug. 25, 2004) (dismissing a counterclaim sua sponte where a defendant counterclaimed against two plaintiffs, only one plaintiff moved to dismiss the counterclaim, and both counterclaims involved the same factual allegations, the same parties, and the same legal theories).

without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion to dismiss is granted in part and denied in part.

## I. BACKGROUND[2]

The instant action arises out of a confrontation between Plaintiff and officers of the JCPD. Specifically, Plaintiff alleges that he was operating a motor vehicle on Armstrong Avenue in Jersey City, New Jersey when, "without reasonable or just cause or suspicion," he was stopped by police officers. ECF No. 1 at ¶¶ 8–9. After being stopped, Plaintiff purportedly exited his vehicle, and further claims that Otundo then "grabbed [him], physically brought him to the ground," and "proceeded to punch him with a closed fist." *Id.* at ¶ 10. Following the altercation, Plaintiff asserts he was detained by JCPD and transported to Jersey City Medical Center for evaluation and treatment of his injuries, including a broken hand. *Id.* at ¶¶ 11–12. He also claims that he suffered "severe emotional and psychological distress" as a result of the incident. *Id.* at ¶¶ 19–20. Plaintiff alleges that during the altercation he was unarmed, presented no threat to the officers or the public, and was targeted, in part, on the basis of racial animus and profiling. *Id.* at ¶ 13–15.

Plaintiff initiated this action on March 2, 2021, against the individual Defendants and the municipal Defendants, as well as unnamed police officers, chiefs, and supervisors, unnamed police departments, and unnamed fictitious companies. ECF No. 1. Specifically, Plaintiff brings claims for: (1) excessive force; (2) common law discrimination; (3) violation of the New Jersey Law Against Discrimination ("NJLAD"), New Jersey Statute Annotated ("N.J.S.A.") § 10:5-2 *et seq.*; (4) negligent hiring; (5) negligent training; (6) violation of the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A § 10:6-1 *et seq.*; (7) negligent and intentional infliction of emotional distress; (8) racial discrimination under 42 U.S.C. § 1983; and (9) punitive damages. ECF No. 1 at 4–17.

---

[2] The following facts are accepted as true for the purposes of the motion to dismiss.

2

On September 21, 2021, Defendants Brazicki, Young, Jersey City, and JCPD[3] filed a motion to dismiss. ECF No. 8. Plaintiff filed an opposition on October 19, 2021 (ECF No. 10), and the moving Defendants, joined by Otundo, replied on October 25, 2021 (ECF No. 12).

## II. LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

## III. DISCUSSION

The Court finds, as explained further below, that the Complaint sufficiently states a claim for excessive force, a violation of the NJCRA, negligent infliction of emotional distress, and punitive damages against Otundo under Counts 1, 6, 7, and 9. However, Plaintiff's claims in all Counts against Brazicki, Young, JCPD, and Jersey City are dismissed without prejudice.

---

[3] During briefing, Plaintiff agreed to dismiss all claims against JCPD. ECF No. 10 at 7. Accordingly, Defendants' motion as to JCPD is granted, and all claims levied against JCPD are dismissed without prejudice.

3

### a. Claims Against Individual Defendants

Plaintiff brings claims against the individual Defendants for: excessive force (Count 1); common law discrimination (Count 2); violation of the NJLAD (Count 3); violation of the NJCRA (Count 6); negligent and intentional infliction of emotional distress (Count 7); discrimination pursuant to section 1983 (Count 8); and punitive damages (Count 9).[4] As noted above, Counts 1, 2, 3, 6, 7, 8, and 9 as to Brazicki and Young are dismissed, but Counts 1, 6, 7,[5] and 9 as to Otundo may proceed.

### i. Excessive Force Claim (Count 1)

Count One alleges a claim for excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution against the individual Defendants, which the Court construes to have been brought pursuant to section 1983. *See Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (stating that claims of constitutional violations against state actors must be brought pursuant to section 1983). To establish an excessive force claim under the Fourth Amendment, a plaintiff must plead that (1) a seizure occurred and (2) that the seizure was unreasonable. *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999) (internal citation omitted). A seizure occurs "only when government actors have, by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (internal quotation marks omitted). "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396–97 (internal citation omitted). Stated otherwise, the

---

[4] The Court addresses Plaintiff's punitive damages claim against all Defendants *supra* part III.c.
[5] Count 7 as alleged against Otundo may proceed to the extent it is a claim for negligent infliction of emotional distress, but is denied without prejudice to the extent such claim is for intentional infliction of emotional distress.

4

underlying intentions of the officers involved in the incident at issue are not relevant. *See Glaesener v. City of Jersey City*, No. 19-cv-18089, 2021 WL 4206297, at *5 (D.N.J. Sept. 15, 2021).

Here, Plaintiff has sufficiently pleaded an excessive force claim against Otundo. Specifically, he alleges that officers, acting under the color of state law, stopped him as he drove west on Armstrong Avenue in Jersey City. ECF No. 1 at ¶¶ 2, 8–9. Moreover, Plaintiff claims that, after exiting his vehicle, Otundo "grabbed" him, "brought him to the ground," and "punch[ed]" him with a closed first, despite Plaintiff purportedly being unarmed and posing no threat to the officers present or the community at large. *Id.* at ¶ 10, 14–15. Viewing the facts in a light most favorable to Plaintiff, it is plausible that Otundo seized Plaintiff and unreasonably used physical force against him. Thus, Plaintiff has adequately alleged an excessive force claim against Otundo. *See Velez v. Fuentes et al.*, No. 15-cv-6939, 2016 WL 4107689, at *4 (D.N.J. July 29, 2016) (finding an excessive force claim adequately pleaded where plaintiff alleged officers stopped his automobile and punched him after he was removed from the vehicle).

However, Plaintiff has failed to sufficiently plead an excessive force claim against Brazicki or Young. Plaintiff alleges that Brazicki and Young targeted and assaulted him, and in doing so, they used excessive and unreasonable force. ECF No.1 at ¶¶ 13, 27. However, Plaintiff provides no particularized facts regarding either Brazicki or Young's interaction with Plaintiff or their use of force during the stop. Without more, Plaintiff's conclusory statements are inadequate to support an excessive force claim, and accordingly, Count One as applied to Brazicki and Young is dismissed without prejudice. *See Glaesener*, 2021 WL 4206297, at *5 (dismissing an excessive force claim where plaintiff fails to provide specific facts to determine whether an officer used reasonable force); *Kelly v. City of Newark et al.*, No. 17-cv-0498, 2018 WL 1378727, at *7 (D.N.J.

Mar. 16, 2018) (dismissing excessive force claim because the court was "unable to identify concrete allegations or assertions regarding excessive force, beyond the mere contention that certain defendants acted with excessive force") (internal quotations omitted).

### ii. Discrimination Claims (Counts 2, 3, and 8)

In addition, Plaintiff brings three claims against the individual Defendants based on discrimination. First, Plaintiff alleges that the individual Defendants committed common law discrimination (Count 2) because their "unlawful an[d] unwarranted arrest, assault and battery" of Plaintiff, an African-American male, was motivated "in part on racial animus and racial profiling." ECF No. 1 at ¶¶ 1, 13, 30. Typically, in this District, common law discrimination claims are interpreted as a cause of action for relief in employment discrimination cases. *See, e.g., Erthal v. Hapag-Lloyd (Am.) Inc.*, No. 09-cv-5580, 2011 WL 2293379, at *9 (D.N.J. June 8, 2011) (collecting cases); *Sturm v. UAL Corp.*, No. 98-cv-264, 1998 WL 784615, at *10 (D.N.J. Oct. 8, 1998). Plaintiff here is not alleging discrimination in the employment context, and in any event, his allegation that the stop was based on race is a conclusory statement that fails to sufficiently plead a discrimination claim. *See Peteete v. Asbury Park Police Dep't et al.*, No. 09-cv-1220, 2010 WL 5151238, at *10–*11 (D.N.J. Dec. 13, 2010) (finding plaintiff's allegation that a police stop was based on race and racial profiling insufficient to establish a discrimination claim); *White v. Williams*, 179 F. Supp. 2d 405, 420 (D.N.J. 2002) (same). Accordingly, Count 2 as to the individuals Defendants is dismissed without prejudice.

Second, Plaintiff alleges that the individual Defendants violated the NJLAD (Count 3) because they "discriminated against plaintiff on [the] basis of his race by, among other things, engaging in unlawful racial profiling." ECF No. 1 at ¶ 34. The NJLAD was enacted to protect against discrimination in the form of harassment "based on race, religion, sex, or other protected

status." *Dunkley v. S. Coraluzzo Petroleum Transporters*, 98 A.3d 1202, 1207 (N.J. Super. Ct. App. Div. 2008) (citations omitted). Moreover, the NJLAD prohibits "any . . . employee of any place of public accommodation" to engage in discrimination. *Florentino v. City of Newark et al.*, No. 19-cv-21055, 2020 WL 5105291, at *13 (D.N.J. Aug. 31, 2020) (quoting N.J.S.A. § 10:5-12(f)(1)). Under New Jersey law, a "police department—both the building and the individual officers—is a place of public accommodation," and thus may be sued under the NJLAD. *Ptaszynski v. Uwaneme*, 853 A.2d 288, 297 (N.J. Super. Ct. App. Div. 2004); *see also Vandegrift v. Bowen*, No. 07-cv-2623, 2009 WL 1913412, at *3 (D.N.J. Jun. 30, 2009).

To adequately plead an NJLAD claim for discrimination by a place of public accommodation, a plaintiff must "(1) demonstrate that [he] is a member of a protected class; (2) must show that the defendant[s'] actions were motivated by discrimination; and (3) must demonstrate that others not within the protected class did not suffer similar adverse actions." *Florentino*, 2020 WL 5105291, at *14 (citations omitted) (cleaned up). Here, Plaintiff has demonstrated the first element of the claim by pleading that he, as an African-America male, is a member of a protected class. ECF No. at ¶ 1. However, Plaintiff's allegations that he was discriminated against on the basis of race through racial profiling, without more, is conclusory and does not establish the remaining elements of a NJLAD public accommodation discrimination claim. *Philips v. N.J. Transit et al.*, No. 19-cv-13427, 2021 WL 1661087, at *9 (D.N.J. Apr. 18, 2021) ("Conclusory allegations of discrimination are insufficient" for NJLAD claims); *see also Florentino*, 2020 WL 5105291, at *14. Accordingly, Plaintiff's NJLAD claim as to the individual Defendants is dismissed without prejudice.

Finally, Plaintiff seeks relief under section 1983 for the alleged discriminatory behavior of the individual Defendants in violation of 42 U.S.C. § 1981 and the Fourteenth Amendment. To

succeed on a section 1983 claim, a plaintiff must establish that a "(1) person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law." *Sutton v. Bd. of Ed. of the City of Plainfield*, No. 13-cv-5321, 2015 WL 9308251, at *6 (D.N.J. Dec. 22, 2015) (citations omitted).

Beginning with section 1981, to establish such a claim, Plaintiff must show "(1) that [he] belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant[s]; and (3) discrimination concerning one or more of the activities enumerated in section 1981." *Deserne v. Madlyn & Leonard Abramson Ctr. For Jewish Life, Inc.*, No. 10-cv-3694, 2011 WL 605699, at *2 (E.D. Pa. Feb. 16, 2011) (citing *Brown v. Phillip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)); *see also Watson v. Witmer et al.*, 183 F. Supp. 3d 607, 616 (M.D. Pa. 2016) (noting that "Section 1981 may ground a claim for improperly race-motivated law enforcement by a state government official") (citations omitted). Here, Plaintiff fails to sufficiently plead a section 1981 claim because he fails to adequately allege that the individual Defendants intended to discriminate against him on the basis of his race. Specifically, he claims that the individual Defendants' "conduct was knowingly undertaken with the intent to deny plaintiffs their (*sic*) right to full and equal protection of the law." ECF No. 1 at ¶ 63. This conclusory allegation is insufficient to establish the discriminatory intent element required to sustain a section 1981 claim. *See Deserne*, 2011 WL 605699, at *2; *Doe v. Sizewise Rentals, LLC*, No. 09-cv-3409, 2010 WL 4861138, at *5 (D.N.J. Nov. 22, 2010).

Turning next to racial discrimination under the Fourteenth Amendment, Plaintiff must demonstrate that the individual Defendants "intentionally discriminated against him on the basis of race." *Peace-Wickham v. Walls,* 409 F. App'x 512, 525 (3d Cir. 2010). As noted above, Plaintiff's allegations regarding discrimination are conclusory and thus fail to establish a

8

Fourteenth Amendment discrimination claim. *See Doss v. Otsy et al.*, No. 10-cv-3497, 2011 WL 2559558, at *4 (D.N.J. June 27, 2011).

Accordingly, Plaintiff's discrimination claims (Counts 2, 3 and 8) as to the individual Defendants are dismissed without prejudice.

### iii. Violation of the NJCRA (Count 6)

Plaintiff also claims that the individual Defendants violated the NJCRA by "using excessive force against" him. ECF No. 1 at ¶ 50. The NJCRA provides a cause of action for violations of civil rights secured under federal and state law. *Glaesener*, 2021 WL 4206297, at *3. The statute is modeled after, and is analogous to, section 1983. *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (citing cases). Accordingly, NJCRA claims are evaluated under the same standard as section 1983 claim. *Pettit v. New Jersey et al.*, No. 09-cv-3735, 2011 WL 1325614, at *3 (D.N.J. Mar. 30, 2011).

As explained above, Plaintiff has adequately alleged an excessive force violation as to Otundo but not to Brazicki or Young. As such, Plaintiff's NJCRA claim against Otundo may proceed. However, the claims against Brazicki and Young must be dismissed without prejudice. To the extent Plaintiff alleges that the use of excessive force implicated other constitutional violations to be remedied through the NJCRA (ECF No. at ¶ 54), he has failed to identify them with adequate particularity, and they are dismissed without prejudice. *See E.S. v. Elizabeth Bd. of Educ.*, No. 20-cv-1027, 2020 WL 7640537, at *6 (D.N.J. Dec 23, 2020) (noting that a plaintiff must "identify a specific constitutional or federal right that was violated").

### iv. Negligent and Intentional Infliction of Emotional Distress (Count 7)

Moreover, Plaintiff brings claims for negligent and intentional infliction of emotional distress, alleging that the individual Defendants acted "intentionally or recklessly with deliberate

9

disregard" of the probability that their conduct would cause emotional distress. ECF No. 1 at ¶ 57. Moreover, as a result of this "extreme" and "outrageous" conduct, Plaintiff alleges that he suffers from substantial emotional distress and mental harm. *Id.* at ¶¶ 57–58. The Court addresses each of Plaintiff's emotional distress claims in turn.

Under New Jersey law, a plaintiff asserting a negligent infliction of emotional distress claim must show that "(1) a duty of reasonable care was owed by the defendant to the plaintiff, (2) that duty was breached, (3) the plaintiff suffered severe emotional distress, and (4) the breach was a proximate cause of injury." *Sanders v. Jersey City et al.*, No. 18-cv-1057, 2021 1589464, at *24 (D.N.J. Apr. 23, 2021) (quoting *G.D. v. Kenny*, 984 A.2d 921, 933 (N.J. Super. Ct. App. Div. 2009), *aff'd*, 15 A.3d 300 (N.J. 2011)). Here, Plaintiff has adequately alleged each element of a negligent infliction of emotional distress claim against Otundo. First, Otundo, as a Jersey City police officer, owed Plaintiff a duty of care. *See id.* (citing *Del Tufo v. Twp. of Old Bridge*, 685 A.2d 1267, 1272 (N.J. 1996)). Otundo purportedly breached that duty of care by subjecting Plaintiff to excessive force. *See supra* Part III.a.1. Moreover, Plaintiff alleges that the use of force against him has caused severe emotional distress. ECF No. 1 at ¶ 58. Thus, Plaintiff's negligent infliction of emotion distress claim against Otundo may proceed.

However, as noted above, Plaintiff has alleged insufficient facts to establish a claim for excessive force against Brazicki or Young. Without more particularized facts regarding these two officers' involvement in the incident, the Court is unable to evaluate whether Brazicki or Young breached their duty of care to Plaintiff or if their conduct caused Plaintiff to suffer emotional distress. As such, Plaintiff's negligent infliction of emotional distress claim against Brazicki and Young is dismissed without prejudice.

10

Turning next to intentional infliction of emotional distress, a plaintiff must show "(1) that the defendant[s] intended to cause emotional distress; (2) that the conduct was extreme and outrageous; (3) that the actions proximately caused emotional distress; and (4) that plaintiff's emotional distress was severe." *Geissler v. Catanio*, No. 16-cv-792, 2018 WL 3141832, at *19 (D.N.J. June 27, 2018) (quoting *Witherspoon v. Rent-A-Center, Inc.*, 173 F. Supp. 2d 239, 242 (D.N.J. 2001)). Plaintiff has inadequately pleaded his intentional infliction of emotional distress claim as to all individual Defendants. Specifically, Plaintiff has not offered facts to show that the individual Defendants intended to cause him emotional distress. Instead, he alleges only that the individual Defendants acted "intentionally," "recklessly," and in "deliberate disregard" of emotional suffering. ECF No. at ¶¶ 57–58. These allegations restate an element of an intentional infliction of emotional distress claim, which is insufficient to state a plausible claim for relief. *See Stevenson v. Cnty. Sheriff's Office of Monmouth et al.*, No. 13-cv-5953, 2015 WL 512423, at *8 (D.N.J. Feb. 6, 2015). Accordingly, to the extent Count 7 attempts to allege an intentional infliction of emotional distress claim against the individual Defendants, it is dismissed without prejudice.

### b. Claims Against Municipal Defendants

In addition to his claims against the individual Defendants, Plaintiff asserts claims against Jersey City and JCPD[6] for negligent hiring (Count 4) and negligent training (Count 5) pursuant to section 1983 and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); negligent and intentional infliction of emotional distress (Count 7); as well as excessive force (Count 1), common law discrimination (Count 2), a violation of the NJLAD (Count 3), a violation of the NJCRA (Count 6), and discrimination pursuant to section 1983 (Count 8) under various theories of vicarious

---

[6] As noted above, Plaintiff agreed to dismiss all claims against JCPD. *See supra* note 3.

liability; and punitive damages (Count 9).[7] As noted above, all Plaintiff's claims against the municipal Defendants are dismissed without prejudice.

### i. *Monell* Claims

Under *Monell*, a municipality can only be liable for a constitutional violation pursuant to an action based on section 1983 when "the alleged constitutional transgression implements a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Moreover, a plaintiff must demonstrate that "a local government's policy or custom inflicted the injury in question." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Monell*, 436 U.S. at 694) (internal brackets and quotation marks omitted)). Here, Plaintiff asserts two claims pursuant to *Monell*. Plaintiff alleges that Jersey City's policy or custom of negligent hiring and negligent training of its officer caused him to suffer his injuries.[8] The Court addresses each claim in turn.

#### 1. Negligent Hiring (Count 4)

Plaintiff alleges that Jersey City was responsible for recruiting, hiring, training, and supervising the individual Defendants, and as a result of negligently hiring these individuals, Jersey City is liable for the injuries the individual Defendants caused Plaintiff. ECF No. 1 at 8–9. To sustain a negligent hiring claim pursuant to *Monell*, a plaintiff must demonstrate that the municipality was deliberately indifferent in making its hiring decision. *Kelly*, 2018 1378727, at *5 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 411 (1997)). A municipality acts with deliberate indifference where "adequate scrutiny of an applicant's background would

---

[7] The Court address Plaintiff's punitive damages claim against all Defendants *supra* part III.c.
[8] Police officers are municipal employees. *Ford v. City of Pittsburgh et al.*, No. 13-cv-1364, 2014 WL 7338758, at *7 (W.D. Pa. Dec. 22, 2014)

12

lead a reasonable policymaker to conclude that the . . . consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right." *Brown*, 520 U.S. at 411.

Here, Plaintiff's conclusory allegations that Jersey City's employment of the individual officers caused him to suffer excessive force injuries are insufficient to establish a negligent hiring claim. ECF No. 1 at ¶¶ 39–41. Plaintiff makes no allegations regarding particular employment policies or practices used by the City, *see Blue v. District of Columbia*, 850 F. Supp. 2d 16, 26 (D.D.C. 2012) (dismissing a claim for negligent hiring where plaintiff failed to identify a hiring policy or practice), nor does the Complaint identify the conduct committed by Jersey City that constitutes deliberate indifference in making its decision to hire Braziki, Young, or Otundo. *M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 43 F. Supp. 3d 412, 426 (M.D. Pa. 2014). Accordingly, Plaintiff's negligent hiring claim is dismissed without prejudice.

### 2. Negligent Training (Count 5)

Similarly, Plaintiff brings a claim against Jersey City for negligently training its employees. "Under certain circumstances, a municipality's failure to properly train its employees and officers can amount to a 'custom' that will trigger liability under § 1983." *Gardner v. N.J. St. Police*, No. 15-cv-8982, 2017 2955348, at *3 (D.N.J. July 11, 2017) (*citing City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). More specifically, "[w]here the policy 'concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to "deliberate indifference" to the right of persons with whom those employees will come into contact.'" *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999)). To demonstrate that a municipality acted with deliberate indifference in training or supervising its employees, a plaintiff must show that: "(1)

municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Woods v. Williams*, 568 F. App'x 100, 105 (3d Cir. 2014) (quoting *Carter*, 181 F.3d at 357).

Here, Plaintiff alleges that Jersey City failed in its "duty to properly train [its] Officers." ECF No. 1 at ¶ 44. Plaintiff does not identify any custom or policy related to negligent training, and he also does not allege any facts to establish that Jersey City acted with deliberate indifference. A conclusory statement that Plaintiff was negligent in training its officers is insufficient to sustain such a claim. *O'Neal v. Middletown Twp. et al.*, No. 18-cv-5269, 2019 WL 77066, at *6 (D.N.J. Jan. 2, 2019) (dismissing a failure to train claim where plaintiff failed to plead "facts supporting the failure to provide any specific training or a deliberate indifference to the rights of the Plaintiff[]"); *see also Laniado v. Cnty. of Ocean*, No. 18-cv-1513, 2019 WL 3451705, at *7 (D.N.J. July 31, 2019) (same). Accordingly, Plaintiff's negligent training claim is dismissed without prejudice.

### 3. Discrimination Claims Pursuant to Section 1983 (Count 8)

Finally, Plaintiff alleges that Jersey City deprived him of his constitutional rights by treating him "with racial animus" and improperly subjecting him to racial profiling. ECF No. 1 at ¶¶ 61–62. Like for negligent hiring and training, a municipality like Jersey City can only be liable for a constitutional violation under *Monell* if that violation was caused by a custom or policy. *Beck*, 89 F.3d at 971 Here, Plaintiff makes no allegations regarding a custom or policy of discrimination in Jersey City. Instead, he claims only that in this particular instance, he was subjected to discrimination. Such an allegation insufficient to sustain a *Monell* claim for discrimination, and

14

accordingly, Plaintiff's section 1983 discrimination claim as to Jersey City is dismissed without prejudice.

### ii. Claims for Vicarious Liability

#### 1. Excessive Force (Count 1)

Plaintiff asserts that Jersey City is liable for the individual Defendants' use of excessive force under respondeat superior and the New Jersey Tort Claim Act, N.J.S.A. § 59-2-2. ECF No. 1 at ¶ 26. In excessive force cases brought pursuant to section 1983, a municipality cannot be held liable for the misconduct of its employees based on a theory of respondeat superior unless "the municipality itself causes the constitutional violation at issue." *Hatcher v. City of Jersey City Police Dep't*, No. 15-cv-8303, 2019 WL 949337, at *5 (D.N.J. Feb 27, 2019). As noted above, a municipality causes a constitutional violation when it establishes, adopts, or maintains a policy, practice, or custom which directly leads to the alleged constitutional harm. *See A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 585 (3d Cir. 2004). Here, Plaintiff alleges that he suffered injuries at the hands of Jersey City officers during a traffic stop, but offers no facts to suggest that Jersey City had any custom or policy of allowing officers to use excessive force. Moreover, these facts describing one incident are insufficient to establish a policy or custom of excessive force. *See Durham v. City of Philadelphia*, No. 20-cv-3944, 2020 WL 6940021, at *2 (D.N.J. Nov. 25, 2020) (finding no policy or custom where a plaintiff only alleges that police used excessive force against him). Thus, to the extent Count One asserts claims for excessive force as to Jersey City based on a theory of respondeat superior, it is dismissed without prejudice.

Turning to excessive force liability under the New Jersey Tort Claims Act, "there can be no vicarious liability by a public entity for intentional torts committed by its employees; that is, with respect to such intentional torts, the theory of respondeat superior does not apply." *Holmes v.*

15

*New Jersey et al.*, No. 17-cv-2160, 2017 WL 5951579, at *2 (quoting *Hoag v. Brown*, 935 A.2d 1218, 1230 (N.J. Super. Ct. App. Div. 2007)). As excessive force is an intentional tort, *Gattas v. City of Jersey City*, No. 07-cv-4242, 2010 WL 892187, at *9 (D.N.J. Mar. 5, 2010), to the extent Plaintiff's claim is based on N.J.S.A. § 59-2-2, it is dismissed without prejudice. *Merman v. City of Camden*, 824 F. Supp. 2d 581, 597 (D.N.J. 2010).

### 2. NJCRA (Count 6)

Plaintiff further claims that Jersey City is vicariously liable for the actions of the individual Defendants pursuant the NJCRA. ECF No. 1 at ¶ 51. However, as discussed above, claims brought under the NJCRA are interpreted to be analogous to claims brought under section 1983. *Trafton*, 799 F. Supp. 2d at 443. Accordingly, vicarious liability is unavailable under the NJCRA unless Plaintiff alleges that Jersey City caused the constitutional violation through the implementation of a custom or policy. *Beck*, 89 F.3d at 971. While Plaintiff contends that Jersey City failed to "properly hire, train, retain, and supervise police officers" (ECF No. 1 at ¶ 50), these bare allegations do not establish that Jersey City engaged in any policy or custom that caused his injuries (*see supra* section III.b.i). Thus, Plaintiff's NJCRA claim against Jersey City is dismissed without prejudice.

### 3. Common Law Discrimination and NJLAD (Counts 2 and 3)

Last among his allegations of vicarious liability, Plaintiff asserts that Jersey City is liable for common law discrimination and violating the NJLAD under a theory of respondeat superior and N.J.S.A. § 59-2-2. The doctrine of respondeat superior states that "an employer or principal is liable for his employee's or agent's wrongful acts committed within the scope of the employment or agency relationship." *Gibson v. Superintendent of N.J Dep't of Law & Pub. Safety-Division of St. Police et al.*, No. 02-cv-5470, 2009 WL 900854, at *5 (D.N.J. Mar. 31, 2009) (citation omitted).

This doctrine applies to both § 59-2-2 and the NJLAD. N.J.S.A. § 59-2-2 (explaining that this provision "relies upon established principles of . . . respondeat superior); *Lehmann v. Toys R Us, Inc.*, 626 A.2d 445, 461 (N.J. 1993) (noting that the doctrine of respondeat superior applies in NJLAD cases). Respondeat superior does not "provide an independent cause of action." *Galicki v. New Jersey et al.*, No. 14-cv-169, 2016 WL 4950995, at *32 (D.N.J. Sept. 15, 2016). Instead, there must be a viable underlying tort claim. *Carter v. Reynolds*, 815 A.2d 460, 463 (N.J. 2003); *see also Care v. Reading Hosp. & Med. Ctr.*, No. 03-cv-4121, 2004 WL 728532, at *24 (E.D. Pa. Mar. 31, 2004) ("Respondeat superior connotes a doctrine of imputation once an underlying theory of liability has been established. It is not a separate cause of action.") (citation omitted). Here, as discussed above, Plaintiff failed to adequately plead discrimination under either his claim for common law discrimination or his NJLAD claim. Without an underlying claim, there can be no respondeat superior liability. *Moriarty v. Classic Auto Grp., Inc. et al.*, No. 13-cv-5222, 2014 WL 884761, at *6 (D.N.J. Mar. 6, 2014). Accordingly, Counts 2 and 3 as to Jersey City are dismissed without prejudice.

### iii. Negligent and Intentional Infliction of Emotional Distress (Count 7)

Plaintiff also brings claims for negligent and intentional infliction of emotional distress against Jersey City. Like his allegations for negligent and intentional infliction of emotional distress against the individual Defendants, Plaintiff asserts that Jersey City acted "intentionally or recklessly with deliberate disregard" of the "emotional distress" its conduct caused. ECF No. 1 at ¶¶ 57–58. However, without additional facts, Plaintiff's emotional distress claim is based upon a conclusory allegation that is insufficient to survive a motion to dismiss. *See Stevenson*, 2015 WL 512423, at *8. Thus, Plaintiff's Count 7 as to Jersey City is dismissed without prejudice.

### c. Punitive Damages as to All Defendants (Count 9)

Plaintiff finally brings a claim against both the individual and municipal Defendants for punitive damages pursuant to the New Jersey Punitive Damages Act, N.J.S.A. § 2A:15-5.12. To recover punitive damages, a plaintiff must "prove[], by clear and convincing evidence, that the defendant acted with 'actual malice' or with 'a wanton and willful disregard of persons' foreseeably harmed by the defendant's acts or omissions." *Duell v. Kawasaki Motors Corp., U.S.A.*, No. 12-cv-7273, 2014 WL 12908947, at *2 (D.N.J. July 18, 2014) (quoting N.J.S.A. 2A:15-5.12(a)).

Beginning with the individual Defendants, Plaintiff alleges that they acted with "actual malice" and "wanton and willful disregard" of Plaintiff who would "foreseeably . . . be harmed" by the Defendants' conduct. ECF No. 1 at ¶ 67. Government officials, like police officers, are "immune from liability for punitive damages when they are sued in their official capacity." *Hayward v. Salem City Bd. of Educ.*, No. 14-cv-5200, 2016 WL 4744132, at *6 (D.N.J. Sept. 12, 2016) (citing *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1998)). However, if a government official is sued in an individual capacity, the official may be liable for punitive damages when a plaintiff establishes that the defendant has "acted with a reckless or callous disregard of, or indifference to, the rights and safety of others." *Id.* (quoting *Keenan v. City of Philadelphia*, 983 F.2d 459, 470–71 (3d Cir. 1992) (citation omitted)).

Here, Plaintiff may bring his punitive damages claim against the individual Defendants because they have been sued in their individual capacity. ECF No. 1 at ¶ 2. As to Otundo, while Plaintiff's allegations are conclusory, courts have held that the availability of punitive damages should not be decided on a motion to dismiss. *Duell*, 2014 WL 12908947, at *2; *Daloisio v. Liberty Mut. Fire Ins. Co.*, 754 F. Supp. 2d 707, 710 (D.N.J. 2010) (finding that whether punitive damages

18

are appropriate is a "fact-specific inquiry . . . ill-suited for a motion to dismiss"). Thus, Plaintiff's punitive damages claim against Otundo may proceed. However, as to Brazicki and Young, Plaintiff has failed to state a claim in Counts 1, 2, 3, 6, 7, or 8, and where a plaintiff has failed to assert a viable underlying claim, there can be no claim for punitive damages. *Barkley v. Ricci et al.*, No. 07-cv-2760, 2008 WL 852375, at *5 (quoting *Smith v. Whitaker*, 734 A.2d 243, 250 (N.J. 1999)). Accordingly, Plaintiff's punitive damages claim as applied to Brazicki and Young is dismissed without prejudice.

Turning now to Jersey City, because the Court has dismissed all claims against Jersey City, there is no underlying claim to support punitive damages. *Id.* Thus, Count 9 against Jersey City is also dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the Complaint is granted in part and denied in part. Plaintiff's claims in Counts 1, 2, 3, 6, 7, 8, and 9 as against Brazicki and Young are dismissed without prejudice. Further, Plaintiff's claims in Counts 1, 2, 3, 4, 5, 6, 7, 8, and 9 as against Jersey City and JCPD are also dismissed without prejudice. Finally, Plaintiff's claims against Otundo in Counts 1, 6, 7,[9] and 9 may proceed. However, Counts 2, 3, and 8 against Otundo are dismissed without prejudice. An appropriate Order accompanies this Opinion.

DATED: May 24, 2022

CLAIRE C. CECCHI, U.S.D.J.

---

[9] As explained further above, to the extent Count 7 pertains to negligent infliction of emotional distress, it may proceed as to Otundo, but not the remaining Defendants. To the extent such claim pertains to intentional infliction of emotional distress, it is dismissed without prejudice as to all Defendants.